**KMA ZUCKERT LLC**
1350 Broadway, Suite 2410
New York, New York  10018
Tel:  (212) 991-5914
David Y. Loh

**Attorneys for Plaintiff**
**Zurich American Insurance Company**
File:  448003.00011 DYL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ZURICH AMERICAN INSURANCE
COMPANY,                                                                    Docket No.

                              Plaintiff(s),

      -against-                                                                   **COMPLAINT**

EMIRATES; EMIRATES SKY CARGO;
EMIRATES AIRLINE; EMIRATES GROUP,
INC.,

                             Defendant(s).
-------------------------------------------------------X

       Plaintiff **Zurich American Insurance Company,** by its attorneys, KMA ZUCKERT LLC, as and for its complaint herein, alleges upon information and belief:

1. Jurisdiction is founded herein upon Title 28 U.S.C. Sections 1331 and/or 1332.  This action arises under a Treaty of the United States, to wit, the Convention for the Unification of Certain Rules Relating to the International Transportation by Air, done at Montreal, Canada on March 28, 1999 (Doc 9740) (hereinafter referred to as "the Montreal Convention"), as hereinafter more fully appears.

2. Plaintiff ZURICH AMERICAN INSURANCE COMPANY is an insurance company subscribing to the involved Marine Cover Note OC584389500 and Policy No. Z-2020-

1

73921, doing business under the name of "Zurich", and is a corporation incorporated in one of the fifty states, authorized to do business in every state in the United States, including New York, with a principal place of business located at Four World Trade Center, 150 Greenwich Street, New York, NY 10007, and by virtue of its payment under Claim No. 5730069276, is subrogated to the interests of its insured, Dachser USA Air & Sea Logistics, Inc. ("Dachser") and Dachser's customer, Arnet Pharmaceutical Corporation and its parent, subsidiary and affiliated companies.

3. Dachser USA Air & Sea Logistics, Inc. is a logistics services company incorporated in one of the fifty states with a principal place of business located at 20 W. Lincoln Avenue, #206, Valley Stream, New York 11580.

4. Arnet Pharmaceutical Corporation ("Arnet") is incorporated in one of the fifty states with a principal place of business located at 2525 Davie Road, Suite 330, Davie, Florida 33317.

5. Defendant EMIRATES is a foreign corporation organized under the laws of Dubai with a principal pace of business located at Terminal 4, John F. Kennedy International Airport, Jamaica, New York 11430.

6. Defendant EMIRATES SKY CARGO is a foreign corporation organized under the laws of Dubai with a principal pace of business located at Terminal 4, John F. Kennedy International Airport, Jamaica, New York 11430.

7. Defendant EMIRATES AIRLINE is a foreign corporation organized under the laws of Dubai with a principal pace of business located at Terminal 4, John F. Kennedy International Airport, Jamaica, New York 11430.

8. Defendant EMIRATES GROUP, INC. is a foreign corporation organized under the laws of Dubai with a principal pace of business located at Terminal 4, John F. Kennedy

International Airport, Jamaica, New York  11430.

9. Arnet, at all times hereinafter alleged, was engaged in the business of manufacture, production and selling of is in the business of manufacturing and selling natural products worldwide.

10. Defendant(s), at all times hereinafter alleged, were common carriers by air of property engaged in international air transportation pursuant to a permit to engage in foreign air transportation issued by the U.S. Department of Transportation, pursuant to Title 49 Section 1372.

## AS AND FOR A FIRST CAUSE OF ACTION
BREACH OF CONTRACT

11. Plaintiff entered into an agreement with defendant(s) wherein the defendant(s) agreed to safely transport certain cargo in exchange for consideration, pursuant to certain air waybill(s), or as more fully described in Schedule "A".

12. Plaintiff duly delivered to the defendant(s) the cargo at the airport of departure in good condition.

13. Pursuant to said agreement the defendant(s) received the cargo in good condition and undertook to perform the transportation thereof to the airport of destination and deliver same in accordance with the aforementioned Waybill(s) in the same good order and condition as received.

14. That said Waybill(s) contracted for were made pursuant to and in accordance with the provisions of the **Montreal Convention**, which establish the rights and obligations of the parties hereto.

15. That in violation of the aforementioned agreement and Waybill, the defendant(s), jointly

and severally, failed to deliver in good condition the cargo to the consignee.

16. That by reason of defendants' willful breach of its agreement and its own rules and regulations, plaintiff has been damaged in the sum of $111,438.23 with interest thereon from September 16, 2020.

## AS AND FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE

17. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "16" of this complaint as it more fully set forth herein.

18. That defendant(s), their agents, servants and employees conducted themselves during the custody, control, handling, transportation and care of such property in a negligent manner and in such a way as to be totally oblivious to plaintiff's rights in such property.

19. That defendant(s)' negligence and improper conduct with respect to the custody, control, handling, transportation and care of such property resulted in loss, damage and deterioration to the cargo.

20. That by reason of defendant(s)' negligence and improper conduct, plaintiff has been damaged in the sum of $111,438.23 with interest thereon from September 16, 2020.

## AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF BAILMENT

21. Plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs "1" through "20" of this complaint as if more fully set forth herein.

22. That defendant(s) received the cargo belonging to plaintiff and as such became a bailee for hire.

23. That defendant(s) received the cargo in good condition and pursuant to such bailment for hire, was obligated to redeliver same in the same good order and condition as received.

24. That in willful breach of its bailment obligation, the defendant(s) failed to re-deliver the cargo in good condition in that said shipment was damaged.

25. That by reason of defendant(s)' joint and several willful breach of its bailment obligation, plaintiff has been damaged in the sum of $111,438.23 with interest thereon from September 16, 2020.

**WHEREFORE,** plaintiff requests:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That if defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

(c) That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this complaint, together with interest and costs.

(d) That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

(e) Plaintiff further requests such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
October 5, 2021

                      **KMA ZUCKERT LLP**
                      Attorneys for Plaintiff
                      Zurich American Insurance Company

By: _____
        David Y. Loh
        1350 Broadway, Suite 2410
        New York, N.Y.  10018
        Tel. (212) 991-5914
        File: 448003.00011 DYL

## **SCHEDULE A**

| | |
|---|---|
| Shipper: | Dachser USA Air & Sea Logistics, Inc. |
| Consignee: | ELAA Freight Forwarding |
| Date of Shipment: | September 16, 2020 |
| Airport of Departure: | Miami, Florida |
| Airport of Destination: | Riyadh, Saudia Arabia |
| Air Waybill: | MAWB 176-19050021 |
| Shipment: | 15 pieces of food supplements, temperature controlled cargo—keep refrigerated between 15-25C |
| Nature of Loss: | temperature abuse |
| Amount of Loss: | $111,438.23 with interest thereon from September 16, 2020, plus costs |
| KMAZ file: | 448003.00011 DYL |