UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ZURICH     AMERICAN     INSURANCE
COMPANY,

                        Plaintiff(s),

      -against-

EMIRATES;  EMIRATES  SKY  CARGO;
EMIRATES AIRLINE; EMIRATES GROUP,
INC.,

                    Defendant(s).
-----------------------------------------------------------X

Case No. 1:21-cv-8203-VSB

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES**

Defendants Emirates (d/b/a Emirates Airline and Emirates SkyCargo; hereinafter "Emirates"), and Emirates Group (incorrectly sued herein as "Emirates Group, Inc."), by and through its undersigned counsel, answer Plaintiff's Complaint and assert affirmative defenses as follows:

## ANSWER

Each paragraph of this Answer responds to the same numbered paragraph of the Complaint. Except as otherwise expressly alleged, Defendants deny each and every allegation in the Complaint.

1.      The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 2 of the Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 3 of the Complaint.

Case 1:21-cv-08203-VSB   Document 17   Filed 11/30/21   Page 2 of 9

4.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 4 of the Complaint.

5.      Deny the allegations in paragraph 5 of the Complaint except admit that Emirates is a foreign corporation organized and existing under the laws of the United Arab Emirates ("UAE").

6.      Deny the allegations in paragraph 6 of the Complaint except admit that Emirates is a foreign corporation organized and existing under the laws of the of the UAE.

7.      Deny the allegations in paragraph 7 of the Complaint except admit that Emirates is a foreign corporation organized and existing under the laws of the UAE.

8.      Deny the allegations in paragraph 8 of the Complaint except admit that Emirates Group is a foreign corporation organized and existing under the laws of the UAE.

9.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9 of the Complaint.

10.     The allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 10 of the Complaint except admit that Emirates is a foreign air carrier duly certificated by the U.S. Department of Transportation engaged in the business of the international carriage by air of passengers, baggage and cargo.

**AS TO AS AND FOR A FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

11.     Deny the allegations in paragraph 11 of the Complaint.

12.     Deny the allegations in paragraph 12 of the Complaint.

13.     Deny the allegations in paragraph 13 of the Complaint except admit that Emirates received cargo for carriage pursuant to Air Waybill No. 176-19050021 in apparent good order and

condition subject to the Emirates conditions of contact and undertook to perform carriage of the cargo by air pursuant to Air Waybill No. 176-19050021.

14.     The allegations in paragraph 14 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, denied.

15.     Deny the allegations in paragraph 15 of the Complaint and leave all questions of law for the Court.

16.     Deny the allegations in paragraph 16 of the Complaint and leave all questions of law for the Court.

**AS TO AS AND FOR A SECOND CAUSE OF ACTION**
**NEGLIGENCE**

17.     Answering paragraph 17 of the Complaint, Defendants repeat, reiterate and reallege each and every response in paragraphs of 1 through 16 of this Answer.

18.     Deny the allegations in paragraph 18 of the Complaint and leave all questions of law for the Court.

19.     Deny the allegations in paragraph 19 of the Complaint and leave all questions of law for the Court.

20.     Deny the allegations in paragraph 20 of the Complaint and leave all questions of law for the Court.

**AS TO AS AND FOR A THIRD CAUSE OF ACTION**
**BREACH OF BAILMENT**

21.     Answering paragraph 21 of the Complaint, Defendants repeat, reiterate and reallege each and every response in paragraphs of 1 through 20 of this Answer.

22.     Deny the allegations in paragraph 22 of the Complaint and leave all questions for law for the Court.

23.     The allegations in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, denied.

24.     Deny the allegations in paragraph 24 of the Complaint and leave all questions for law for the Court.

25.     Deny the allegations in paragraph 25 of the Complaint and leave all questions for law for the Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST
### AFFIRMATIVE DEFENSE

26.     The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

27.     Defendants performed all the terms and conditions of the contract between the parties, if any, which were to be performed by Emirates, in accordance with such terms and conditions of contract.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

28.     Defendants each are  a "foreign state" as that term is defined in 28 U.S.C. § 1603 and, therefore, is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Pub. L. 94-853, 90 Stat. 2891 codified at 28 U.S.C. §§ 1330, 1332, 1391 (f), 1441 (d) and 1602-1611 and the federal statutes enacted pursuant to the FSIA.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

29.     The transportation out of which the subject matter of this action arose during the

course of "international carriage" within the meaning of a treaty of the United States known as the

Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal

on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S.

Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights of

the parties are governed exclusively by the provisions of the Montreal Convention.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

30.     To the extent the Complaint can be read to assert state law claims against

Defendants, they are completely preempted by the Montreal Convention and/or federal law,

including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified

as 49 U.S.C. § 1301 *et seq.* now recodified and incorporated into 49 U.S.C. § 40101 *et seq.*) and

49 U.S.C. § 41713.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

31.     Pursuant to the Montreal Convention, the applicable tariffs and conditions of

carriage as set forth in the relevant contract of carriage, and/or other applicable law, Defendants

are not liable to Plaintiff for the loss or damage alleged in the Complaint.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

32.     The liability of Defendants, if any, is limited or excluded in accordance with the

provisions of the Montreal Convention including, but not limited to:

   a.   Article 18.1 of the Montreal Convention, in that Plaintiff's alleged loss or damage
        did not occur during carriage by air;

b.  Article 18.2 of the Montreal Convention, in that Plaintiff's alleged loss or damage was cause or contributed to by an inherent defect, quality or vice of the cargo or by defective packing of the cargo performed by a person other than Emirates or its servants or agents;

c.  Article 20 of the Montreal Convention, in that Plaintiff's alleged damages were caused or contributed to by the negligence or other wrongful act or omission of Plaintiff or Plaintiff's insured;

d.  Article 22 of the Montreal Convention in that Emirates' liability, if any, is limited to 22 SDRs per kilogram of cargo shipped.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

33.     Pursuant to Article 33 of the Montreal Convention, this Court lacks treaty jurisdiction and therefore lacks subject matter jurisdiction over the claims asserted by Plaintiff in this action.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

34.     The Complaint must be dismissed because Plaintiff lacks standing to assert a claim against Defendants to recover for the damage alleged in the Complaint.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

35.     The alleged loss or damage was caused and brought about by an intervening and superseding cause and was not caused by Defendants or by a person for whom Defendants are responsible.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

36.     Plaintiff or Plaintiff's insured failed to mitigate damage, if any, and therefore Plaintiff is barred from recovering any such damages from Defendants.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

37.     The alleged damages complained of were not proximately caused by any culpable

conduct on the part of Defendants.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

38.     The damages allegedly sustained by Plaintiff were caused or contributed to by

Plaintiffs/Plaintiff's insured's own negligence or culpable conduct and, therefore Defendants are

not liable for any damages allegedly sustained by Plaintiff or, alternatively, its liability to Plaintiff

is partial only and should be reduced in accordance with applicable law.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

39.     The alleged damages complained of were caused or contributed to by the

negligence or culpable conduct of parties other than Defendants and Defendants are, therefore, not

liable to Plaintiff or, alternatively, the amount of damages recoverable by Plaintiff must be

diminished in the proportion to which the negligence or culpable conduct attributable to parties

other than Defendants bears to the negligence or culpable conduct which caused the damage.

## AS AND FOR A FIFTEENTH
## AFFIRMATIVE DEFENSE

40.     Defendants assert that if they are liable to Plaintiff, which liability Defendants

expressly denies, then Defendants are entitled to a set-off for all settlements/benefits received by

Plaintiff, including all amounts received from any collateral source.

## AS AND FOR A SIXTEENTH
## AFFIRMATIVE DEFENSE

41.     The Complaint should be dismissed on *forum non conveniens* grounds.

## AS AND FOR A SEVENTEENTH
## AFFIRMATIVE DEFENSE

42.     The Complaint should be dismissed because the Court lacks personal jurisdiction

over the Defendants.

## AS AND FOR AN EIGHTEENTH
## AFFIRMATIVE DEFENSE

43.     Plaintiff's claims against Emirates Group should be dismissed for lack of subject

matter jurisdiction because Emirates Group is immune from suit pursuant to the FSIA.

## AS AND FOR A NINETEENTH
## AFFIRMATIVE DEFENSE

44.     Defendants expressly preserve and do not knowingly or intentionally waive any of

the affirmative defenses set forth in Fed. R. Civ. P. 8(c), which discovery may reveal to be

applicable, or any other matter constituting an avoidance or affirmative defense.   Defendants

reserve their right to amend its Answer and Affirmative Defenses, as appropriate based on

additional investigation.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

45.     Pursuant to Fed. R. Civ. P. 44.1, Defendants hereby give notice that they may raise

issues concerning the law of a foreign country in this matter.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety,

together with attorneys' fees, costs, disbursements and such other and further relief as this Court

deems just and proper.

Dated: November 30, 2021

**CLYDE & CO US LLP**

By: */s/ Andrew J. Harakas*
    Andrew J. Harakas
    Philip R. Weissman
405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950
Email: andrew.harakas@clydeco.us
       philip.weissman@clydeco.us

*Attorneys for Defendants Emirates d/b/a*
*Emirates Airline and Emirates SkyCargo, and*
*Emirates Group*

To:    David Y. Loh
       KMA Zuckert LLP
       1350 Broadway, Suite 2410
       New York, New York 10018
       Tel: (212) 991-5914
       Email: dloh@kmazuckert.com

       *Attorneys for Plaintiff*
       *Zurich American Insurance Company*